IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUTHER JONES, JR., <br>     Petitioner, <br>   vs. <br> SUE HUBBARD, Warden, <br>     Respondent. | No. C 07-04926 JW (PR) <br><br> ORDER TO SHOW CAUSE; GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* <br><br> (Docket No. 2) |

Petitioner, a state prisoner incarcerated at the California Medical Facility in Vacaville, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state conviction. Petitioner has filed a motion (Docket No. 2) to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**BACKGROUND**

According to the petition, petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Lake of lewd act with a child, foreign object penetration, and dissuading witness from testifying. Petitioner was sentenced in June 1998, to twenty-seven years in state prison.

Order to Show Cause; Granting IFP
P:\PRO-SE\SJ.JW\HC.07\Jones04926_osc&grantIFP.wpd

# DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner's sole claim is that he is entitled to relief under the Supreme Court decision in <u>Cunningham v. California</u>, 127 S. Ct. 856, 871 (2007), in which the Court held that California's determinate sentencing law violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence. Petitioner alleges that during his sentencing, the trial judge made the determination of the facts for the enhancements and thereon imposed upper terms. Petitioner asserts that the failure to allow a jury to make the factual findings necessary to impose upper terms violated his rights under the Sixth and Fourteenth Amendments. Although it appears that petitioner's conviction became final well before <u>Cunningham</u> was decided, petitioner nevertheless argues that <u>Cunningham</u> should be applied retroactively. Liberally construed, petitioner's claim appears cognizable under § 2254 and merits an answer from respondent.

# CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed <u>in forma pauperis</u> (Docket No. 2) is GRANTED.

2. The clerk shall serve by certified mail a copy of this order and the

Order to Show Cause; Granting IFP
P:\PRO-SE\SJ.JW\HC.07\Jones04926_osc&grantIFP.wpd    2

1 petition and all attachments thereto on respondent and respondent's attorney, the
2 Attorney General of the State of California. The clerk also shall serve a copy of this
3 order on petitioner.

4     3. Respondent shall file with the court and serve on petitioner, within
5 **ninety (90) days** of the issuance of this order, an answer conforming in all respects
6 to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
7 habeas corpus should not be issued. Respondent shall file with the answer and serve
8 on petitioner a copy of all portions of the state trial record that have been transcribed
9 previously and that are relevant to a determination of the issues presented by the
10 petition.

11 If petitioner wishes to respond to the answer, he shall do so by filing a
12 traverse with the court and serving it on respondent within **forty-five (45) days** of
13 his receipt of the answer.

14     4. Respondent may file a motion to dismiss on procedural grounds in lieu
15 of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
16 Governing Section 2254 Cases. If respondent files such a motion, petitioner shall
17 file with the court and serve on respondent an opposition or statement of non-
18 opposition within **forty-five (45) days** of receipt of the motion, and respondent shall
19 file with the court and serve on petitioner a reply within **twenty (20) days** of receipt
20 of any opposition.

21     5. Petitioner is reminded that all communications with the court must be
22 served on respondent by mailing a true copy of the document to respondent's
23 counsel. Petitioner must also keep the court and all parties informed of any change
24 of address.

25
26 DATED: December 14, 2007

JAMES WARE
United States District Judge

Order to Show Cause; Granting IFP
P:\PRO-SE\SJ.JW\HC.07\Jones04926_osc&grantIFP.wpd     3