Luther Jones, Jr.,

P#00148 (Unit: J-188-L)

California Medical Facility

P.O. Box 2500

Vacaville, CA 95696-2500

(IN PRO SE):



Filed

MAR 27 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUTHER JONES JR., ) | # C-07-4926-JW (PR) |
|     Petitioner ) | |
| -v- ) | OPPOSITION MOTION<br>TO DISMISSAL MOTION<br>OF SUCCESSIVE PETITION |
| SUE HUBBARD ) | |
|     Respondent ) | 28 USC 2244<br>28 USC 2254<br>FED.R.CIV.PROC. 60 |
| ) | |

TO THE HON. JAMES WARE (U.S. DISTRICT JUDGE) FOR THE UNITED STATES DISTRICT COURT FOR (NORTHERN) CALIFORNIA:

{●●●●●●●●●●{●●●●●●●●●●}

(I) BACKGROUND:

    Petitioner on 9/1/2007 filed a federal habeas corpus petition before the U.S. District Court (Northern) under the authority of 28 USC 2254(a)-(g)(e.g. AEDPA/Antiterrorism & Effective Death Penalty Act of 1996), see; Lindh v. Murphy, 521 US 320 (1997). Petitioner is challenging the single claim by the recent U.S. Supreme Court ruling in Cunningham v. California, 127 SCt 856 (2007) which ruled that jury(s) instead of judge(s) must decide the facts of a case

///
///

which exposes a defendant to an upper-term sentence which is the enhancement above the middle-term the statutory maximum. The court further ruled that the standard of review is for the jury to decide the facts of the case other than the fact of a prior conviction for the upper-term enhancement under beyond a reasonable doubt standard instead of preponderance of the evidence standard, see, Cunningham, supra, 127 SCt at 858-865.

The court on 12/17/2007 filed an ("Order") issueing an OSC/Order to Show Cause for the respondent to submit a response within 90-days under the (CUNNINGHAM COURT) why relief should not be granted; and in return for petitioner to submit a reply within 45-days.

On 3/10/2008, the Respondent submitted a ("Motion To Dismiss") habeas corpus petition under the authority of 28 USC 2244(b) successive-petitions in that the petitioner did not receive approval from the U.S. Court of Appeals (Ninth Circuit) for current petition to proceed in the district court.

////////////
////////////

(II) SUCCESSIVE PETITIONS:

Pursuant to 28 USC 2244(b), a petitioner must submit an application before the U.S. Court of Appeals if a previous habeas corpus has been adjudicated in a U.S. District Court, see; Felker v. Turpin, 518 US 651, 664 (1996)(e.g. the AEDPA has codified the law on second and successive petitions); a petitioner may file a second or successive habeas petition, Slack v. McDaniel, 529 US 473, 485-487 (2000)(e.g. habeas petition dismissed for failure to exhaust state remedies was not second or successive), cf, Stewart v. Martinez-Villareal, 523 US 637, 638 (1998)(e.g. when previous habeas petition dismissed without prejudice, subsequent petition was not second or successive for purpose of 2244).

A petitioner must obtain an authorization order from a 3-Judge panel in the Court of Appeals (Circuit), see; Torres v. Senkowski, 316 F3d 147, 151-152 (2nd Cir,2003)(e.g. if the district court lacks jurisidiction, the action must be transferred to the circuit court for certification); Coleman v. U.S., *106 F3d 339, 341 (10th Cir,1997)(per curiam); In re Medina, 109 F3d 1556, 1564 (11th Cir,1997)(e.g. an uncertificed district writ which is successive must be transferred to the circuit for certification and the Appellate Court has 30-days to render ruling).

An order to obtain an authorization order, a petitioner must make a prima facie showing that the claim was not presented in a previous federal habeas petition, Calderon v. Thompson, 523 US 538, 553-555 (1998) and Cooper v. Woodford, 358 F3d 1117, 1123 (9th Cir,2004)(e.g. petitioner made prima facie case of Brady violation with sworn declaration that controverted evidence presented at trial).

Petitioner previously filed a habeas petition under 28 USC 2254 raising various claims such as: (i) ineffective assistance of counsel; (ii) insufficient evidence; (iii) evidence exclusion, see case, Jones v. Small, #00-20600-JW (N.D.Cal,2000), the court denied the writ on 12/2/2003.

In the event the court declares this habeas petition to be successive under 28 USC 2244, petitioner move the court to transfer this uncertified writ to the Ninth Circuit pursuant to 28 USC 1631 for the authorization of the certified writ to proceed, see; Torres, supra, 316 F3d at 151-152.

Nevertheless, the court is moved not to proclaim this writ to be successive and to allow the matter to proceed as an action part of the initial habeas corpus per, Stewart, supra, 523 US at 638. This court has the authority to set aside the previous judgement under Fed.R.Civ.Proc. 60(a)(b) under relief from judgement and adjudicate the merits of claim.

(III) RELIEF FROM JUDGEMENT:

Pursuant to Fed.R.Civ.Proc. 60(a)(b); clerical mistakes in judgement, orders, or record; errors from oversight/omission may be corrected on party notice or court initiative. Within 1-year of final disposition a party may file for reconsideration/relief from judgement upon showing of mistake, surprise, excusable neglect; newly discovered evidence; fraud; void judgement; satisfied or dishcarged judgement; extraordinary circumstances; see School Dist. No. I.J. Multnomah Co. v. Geands Inc., 5 F3d 1255, 1263 (9th Cir,1993); Fuller v. M.G. Jewelry, 950 F2d 1437, 1422 (9th Cir,1991); cf, Yusev v. Yusef, 892 F2d 784, 787 (9th Cir,1989) and Rodriguez v. Bowen, 678 FSupp 1456, 1457 (E.D.Cal, 1988), Crosby v. Gonzalez, 125 SCt 2641, 2643-2648,, 545 US 524, 531 (2005).

The Supreme Court in January (2007) rendered a judgement effectively declaring California's (DSL) determinate sentencing laws with low/middle/high terms being unconstitutional as applied with regards to judges and not juries deciding on facts other than a prior conviction for the upper-term enhancement which is above the middle-term statutory maximum and that the standard of review is beyond a reasonable doubt and not by preponderance of evidence, see; Cunningham v. California, 127 SCt 856, 858-865 (2007) citing Blakely v. Washington, 542 US 296, 298-305 (2004) and Apprendi v. New Jersey, 530 US 466, 468-471 (2000).

Petitioner immediately exhausted all (3) state court remedies for adjudication of the claims, see; Slack v. McDaniel, 529 US 473, 485-487 (2000). The court has the authority to open a prior judgement for relief due to inadvertant misthke and excusable neglect for failing to include prior (APPRENDI), (BLAKELY), (CUNNINGHAM) court rulings. Although Cunningham, supra, 127 SCt at 858-865 is a (2007) case based on the precedence of the Apprendi, Id. 466 a (2000) case and Blakely, Id. 296 a (2004) case, the (CUNNINGHAM COURT) simply reiterates a long standing rule and does not announce a new rule, therefore the retroactivity falls out of the analysis, see; Bockting v. Bayer, 399 F3d 1010,

1023 (9th Cir,2005)(e.g. announcing that the Supreme Court's (CRAWFORD) ruling is retroactive due to no new rules being announced).

The host of district cases that the respondent cites on pp.5-6 of the (Dismissal Motion) is not binding on the court; and only law from the Ninth Circuit & U.S. Supreme Court is binding on the California District Courts, see Rodriguez v. Bowen, 678 FSupp 1456, 1457 (E.D.Cal,1988) and Hasbrook v. Texaco Inc., 663 F2d 930, 933 (9th Cir,1981). This court is moved to grant relief from judgement and allow the sentencing-claim inadvertantly and via mistake not included in the initial writ claims.

## CONCLUSION

(1) Petitioner move the court to grant relief from judgement and to allow the current claims of the (CUNNINGHAM) court to proceed on the merits per Fed.R.Civ.Proc. 60(a)(b).

(2) In the alternative, the court is moved to transfer the current uncertified writ-claims under 28 USC 1631 to the U.S. Court of Appeals for authorization to proceed under second/successive petition if the court deems it lacks jurisdiction under 28 USC 2244.

///

///

I DECLARE UNDER PENALTY OF PERJURY AND THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE. THIS PAPER WAS EXECUTED ON 3/21/2008 AT VACAVILLE, CA.

*Luther Jones, Jr.*
LUTHER JONES, JR.,

JONES                #C-07-4926-JW (PR)

   V.                CERTIFICATE OF SERVICE

HUBBARD

_____/

I declare that I am over the age of (18) and am a party to this cause of action. I declare that I serviced the below entities and parties with a copy of (MOTION) by depositing copy in the U.S. Mail at Vacaville, California.

Clerk of the Court (Northern)          Office of Attorney General
U.S. District Court)                   State of California
280 S Street, #2112                  455 Golden Gate Avenue
San Jose, CA 95113-3008             San Francisco, CA 94102

I DECLARE UNDER PENALTY OF PERJURY AND THE LAWS OF THE (USA) THE FOREGOING IS IS TRUE. THIS SERVICE WAS EXECUTED *ON MARCH 21, 2008 AT VACAVILLE, CALIFORNIA.

                                          _____
                                          LUTHER JONES, JR.,

CA MEDICAL

LUTHER JONES, JR.
C.M.F. (P#00148/J-188-C)
P.O. Box 2500
Vacaville, CA 95696-2500

CLERK OF THE
U.S. DISTRICT Co[urt]
280 S. STREET
SAN JOSE, CA

# C-07-4926-J[W]

LEGAL MAIL