EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
GREGORY A. OTT
Deputy Attorney General
BRUCE ORTEGA
Deputy Attorney General
[State Bar No. 131145]
  455 Golden Gate Avenue, Suite 11000
  San Francisco, California 94102-7004
  Telephone: (415) 703-1335
  Fax: (415) 703-1234
  e-mail: bruce.ortega@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUTHER JONES, JR.,<br><br>                Petitioner,<br><br>v.<br><br>SUSAN HUBBARD, Warden of the California Medical Facility, Vacaville,<br><br>                Respondent. | C 07-4926 JW (PR)<br><br>**REPLY TO PETITIONER'S OPPOSITION TO RESP.'S MOTION TO DISMISS THE SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS DUE TO PETITIONER'S FAILURE TO COMPLY WITH 28 U.S.C. § 2244(b)**<br><br>Hearing Date: None Requested |

## INTRODUCTION

On September 21, 2007, petitioner filed a petition for writ of habeas corpus in this Court, challenging a portion of his state prison sentence on *Cunningham v. California*, 549 U.S. —, 127 S. Ct. 856 (2007) grounds. (Docket No. 1.) On December 14, 2007, this Court issued an Order to Show Cause, directing respondent to file an answer to the petition and demonstrate that "a writ of habeas corpus should not be issued." (Docket No. 3 at 3.) We instead filed a Motion to Dismiss (Docket No. 4), on the ground that the habeas application was a successive petition and that

REPLY TO PETITIONER'S OPPOSITION TO RESP.'S MOTION
TO DISMISS THE SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS     *Jones v. Hubbard*
DUE TO PETITIONER'S FAILURE TO COMPLY WITH 28 U.S.C. § 2244(b)     C 07-4926 JW (PR)

1

petitioner had failed to comply with 28 U.S.C. § 2244(b), which expressly states that a district court may not consider a successive petition unless the applicant has obtained an order from the Ninth Circuit granting leave to proceed with the petition. The law provides that district courts must dismiss, without prejudice, any second or successive petition unless the Court of Appeals has given the petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Pratt v. United States*, 129 F.3d 1268, 1277 (1st Cir. 1997); *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997). Petitioner has since filed an "Opposition Motion to Dismissal Motion of Successive Petition" (hereinafter "Opposition"). (Docket No. 5.) We now offer the Reply ordered by this Court (Docket No. 3 at 3) and demonstrate that Petitioner's Opposition offers nothing which should keep this Court from dismissing his present habeas petition under 28 U.S.C. § 2244(b).

## ARGUMENT

### FED. R. CIV. P. 60 DOES NOT PROVIDE PETITIONER WITH AN AVENUE TO ESCAPE THE PROVISIONS OF 28 U.S.C. § 2244(b)

Petitioner acknowledges that in 2000 he filed a federal petition for a writ of habeas corpus attacking his state judgment on grounds of ineffective assistance of counsel, insufficient evidence, and evidentiary error, and further acknowledges that this Court denied the petition on the merits in December 2003. Opposition at 3. As best understood, however, petitioner urges this Court to not consider his present petition as a second or successive petition, but instead invoke "Rule 60(a)(b)" of the Federal Rules of Civil Procedure and grant him relief from this Court's December 2003 judgment against him. Opposition at 4-5. That way, petitioner continues, this Court can reconsider the issues he presented in the 2000 petition along with the *Cunningham* issue he has presented in his 2007 habeas application. *Id.* This Court should reject petitioner's request.

Rule 60(a) states that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Rule 60(a) obviously has no applicability

REPLY TO PETITIONER'S OPPOSITION TO RESP.'S MOTION
TO DISMISS THE SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS                *Jones v. Hubbard*
DUE TO PETITIONER'S FAILURE TO COMPLY WITH 28 U.S.C. § 2244(b)                C 07-4926 JW (PR)

2

here.

Rule 60(b) provides as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), or (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The plain language of Rule 60 does not explicitly allow for relief from a habeas judgment based on a new rule of law handed down by the United States Supreme Court after issuance of the judgment denying habeas relief. Petitioner therefore must be relying on Rule 60(b)(6) ("any other reason justifying relief") as the basis for his claim that this Court can grant him relief from the December 2003 order denying his first habeas petition because it was not until 2007 that the High Court decided *Cunningham* and held that California's Determinate Sentencing Law, which authorized the judge, not the jury, to find the facts exposing the defendant to a higher (or upper) term, violated the defendant's Sixth Amendment right to a jury trial.

Relief under Rule 60(b)(6) requires a showing of "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). "Such circumstances will rarely occur in the habeas context." *Id.* Indeed the High Court in *Gonzalez v. Crosby* stated that where, as here, a Rule 60(b) motion seeks relief from a habeas judgment by

REPLY TO PETITIONER'S OPPOSITION TO RESP.'S MOTION
TO DISMISS THE SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS
DUE TO PETITIONER'S FAILURE TO COMPLY WITH 28 U.S.C. § 2244(b)

*Jones v. Hubbard*
C 07-4926 JW (PR)

3

here.

Rule 60(b) provides as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), or (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The plain language of Rule 60 does not explicitly allow for relief from a habeas judgment based on a new rule of law handed down by the United States Supreme Court after issuance of the judgment denying habeas relief. Petitioner therefore must be relying on Rule 60(b)(6) ("any other reason justifying relief") as the basis for his claim that this Court can grant him relief from the December 2003 order denying his first habeas petition because it was not until 2007 that the High Court decided *Cunningham* and held that California's Determinate Sentencing Law, which authorized the judge, not the jury, to find the facts exposing the defendant to a higher (or upper) term, violated the defendant's Sixth Amendment right to a jury trial.

Relief under Rule 60(b)(6) requires a showing of "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). "Such circumstances will rarely occur in the habeas context." *Id.* Indeed the High Court in *Gonzalez v. Crosby* stated that where, as here, a Rule 60(b) motion seeks relief from a habeas judgment by

REPLY TO PETITIONER'S OPPOSITION TO RESP.'S MOTION
TO DISMISS THE SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS
DUE TO PETITIONER'S FAILURE TO COMPLY WITH 28 U.S.C. § 2244(b)

*Jones v. Hubbard*
C 07-4926 JW (PR)

3

1  adding a new claim for relief, premised on a subsequent change in the substantive law governing the
2  original claims, the motion itself is a second or successive petition subject to Circuit Court
3  authorization under 28 U.S.C. § 2244(b). 545 U.S. at 530-32. In short, petitioner is attempting to
4  avoid the strictures of 28 U.S.C. § 2244(b) by filing a motion which is itself another successive
5  habeas petition that requires authorization to file from the Circuit Court under § 2244(b).

6  Phrased differently, if a habeas applicant could do what petitioner is attempting to do and, by
7  means of a Rule 60(b) motion, get around Congress's clear intent in adopting the portion of the
8  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) codified at 28 U.S.C. § 2244(b),
9  the result would be "a complete miscarriage of justice." *Cf. United States v. Baptiste*, 223 F.3d 188,
10  190 (3d Cir. 2000). Petitioner's reliance on Fed. R. Civ. P. 60 is misplaced.

11  Finally, petitioner asserts that if this Court finds Rule 60 inapplicable, and finds that his
12  September 2007 habeas application is a second or successive petition, this Court should transfer the
13  matter to the Ninth Circuit under 28 U.S.C. § 1631, so that the Ninth Circuit can determine whether
14  28 U.S.C. § 2244(b)(2)(A) applies here, and his reliance on *Cunningham v. California*, 127 S. Ct.
15  856, is reliance "on a new rule of constitutional law made retroactive to cases on collateral review
16  by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A)

17  Petitioner has offered no response, however, to our position in the Motion to Dismiss that
18  because 28 U.S.C. § 2244(b)(2)(A) cannot apply to his case, the interests of justice support a
19  dismissal, not a transfer. Numerous district courts in this circuit have held that *Cunningham* does
20  not apply retroactively to cases on collateral review. *See Jordan v. Evans*, No. 07CV466-J (NLS),
21  2007 U.S. Dist. LEXIS 68222, 2007 WL 2703118, at *21 (S.D. Cal. Sept. 14, 2007); *Beyett v. Yates*,
22  No. C 06-7598 WHA (PR), 2007 U.S. Dist. LEXIS 68546, 2007 WL 2600745, at *2 (N.D. Cal. Sept.
23  10, 2007); *Zimmeth v. Hernandez*, No. 05CV1695 JAH (RBB), 2007 U.S. Dist. LEXIS 65047, 2007
24  WL 2556771, at *9 (S.D. Cal. Sept. 4, 2007); *Lopez v. Campbell*, No. 1:05-CV-00481 LJO-TAG
25  HC, 2007 U.S. Dist. LEXIS 66384, 2007 WL 2500424, at *3 (E.D. Cal. Aug. 30, 2007); *Marquez
26  v. Evans*, No. C 06-0913 CRB (PR), 2007 U.S. Dist. LEXIS 65681, 2007 WL 2406867, at *9 (N.D.

27
28  REPLY TO PETITIONER'S OPPOSITION TO RESP.'S MOTION
   TO DISMISS THE SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS                    *Jones v. Hubbard*
   DUE TO PETITIONER'S FAILURE TO COMPLY WITH 28 U.S.C. § 2244(b)                   C 07-4926 JW (PR)

Cal. Aug. 20, 2007); *Bouie v. Kramer*, No. CIV S-06-1082 GEB GGH P, 2007 U.S. Dist. LEXIS 50843, 2007 WL 2070330, at *3 (E.D. Cal. July 13, 2007); *see also Fennen v. Nakayema*, 494 F. Supp. 2d 1148 (E.D. Cal. 2007); *Rosales v. Horel*, No. 06-2327, 2007 U.S. Dist. LEXIS 46551, at *6 (because *Cunningham* relied heavily on the new procedural rule announced in *Blakely v. Washington*, 542 U.S. 296 (2004), and "because the Ninth Circuit has already decided *Blakely* is not retroactive, then *Cunningham* is also not retroactive"); *Flores v. Hickman*, 533 F. Supp. 2d 1068, 1080 (C.D. Dist. 2008). Petitioner's assertion that these cases are not binding on this Court, Opposition at 5, is not a showing that it is even arguable that *Cunningham* could apply retroactively.

Petitioner can only proceed with permission from the Ninth Circuit. He has not obtained it. This Court should dismiss the present habeas application.

## CONCLUSION

WHEREFORE, RESPONDENT RESPECTFULLY PRAYS that this Court dismiss the Petition for Writ of Habeas Corpus.

Dated: April 10, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

GREGORY A. OTT
Deputy Attorney General

/s/ Bruce Ortega

BRUCE ORTEGA
Deputy Attorney General

Attorneys for Respondents

:BO
SF2007402422
40240670.wpd
3/7/08

REPLY TO PETITIONER'S OPPOSITION TO RESP.'S MOTION
TO DISMISS THE SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS            *Jones v. Hubbard*
DUE TO PETITIONER'S FAILURE TO COMPLY WITH 28 U.S.C. § 2244(b)            C 07-4926 JW (PR)

5

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Jones v. Hubbard*
No.:         C 07-04926 JW (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 11, 2008, I served the attached **REPLY TO PETITIONER'S OPPOSITION TO RESP.'S MOTION TO DISMISS THE SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS DUE TO PETITIONER'S FAILURE TO COMPLY WITH 28 U.S.C. § 2244(b)** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Luther Jones, Jr.
P-00148
California Medical Facility
P.O. Box 2500
Vacaville, CA 95696-2500

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 11, 2008, at San Francisco, California.

| J. Hum | *(signed)* J. Hum |
|---|---|
| Declarant | Signature |

40240698.wpd